IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FILOMENIA LANGLOIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-02867-S-BT |
| | § | |
| US BANK NA, as Trustee for CREDIT | § | |
| SUISSE FIRST BOSTON MORTGAGE | § | |
| SECURITIES CORP HOME EQUITY | § | |
| ASSET TRUST 2006-6, HOME EQUITY | § | |
| PASS-THROUGH CERTIFICATES, | § | |
| SERIES 2006-6, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant U.S. Bank N.A.'s (USB's) Motion for Summary

Judgment, (ECF No. 11). For the following reasons, the Court should GRANT the

Motion and dismiss all Plaintiff's claims with prejudice.

**Background**

This case is part of Plaintiff Filomenia[1] Langlois's decade-long endeavor to

prevent a foreclosure sale of her property. *See generally* MSJ App. On March 27,

2006, Plaintiff and her late husband Donald Langlois obtained an adjustable-rate

home equity loan (the "Loan") from Aames Funding Corporation (Aames), secured

by their property in Terrell, Texas (the "Property"). State Ct. File 5 ¶ 7 (ECF No. 1-

_____

[1] Also known as Filomena. *See* State Ct. File 32-33, 36; *see also* MSJ App. 3 (ECF
No. 13); *Langlois v. Wells Fargo Bank N.A.*, 581 F. App'x 421, 423 (5th Cir. 2014).

4) (Pet.); *id.* at 18; *see id.* 17-36 (Note). Aames assigned the Loan to USB.[2] State Ct. File 5-6 ¶ 8 (Pet.); MSJ App. 34-35; *see Langlois v. Wells Fargo Bank N.A.*, 581 F. App'x 421, 423 (5th Cir. 2014). Thereafter, the Langloises defaulted on the Loan. *Id.*; *see* State Ct. File 6 ¶¶ 9-11.

In 2010, the Langloises, represented by counsel, filed a lawsuit (the "original lawsuit") in Texas state court to stop USB from foreclosing on the Property. MSJ App. 6-7 ¶¶ 22-26. In 2011, USB removed the original lawsuit to the Northern District of Texas. *See id.* at 13. USB accelerated the Loan on May 22, 2013. *Id.* at 34-35. The original lawsuit ended with summary judgment in USB's favor and a dismissal of a second appeal on June 8, 2016, by the Fifth Circuit. *See id.* at 13, 24-25, 28; *see also generally Langlois v. Wells Fargo Bank N.A.*, 2016 WL 4679347 (N.D. Tex. Apr. 7, 2016) (Solis, J.).

While the original lawsuit was on its second appeal, Donald Langlois died on March 21, 2016. *Id.* at 26-27. No executor or administrator was ever qualified for Donald Langlois's estate. *Id.* at 32-33 ¶ 11.

On February 6, 2018, USB notified Plaintiff via certified mail of her default on the Loan and provided her a 30-day opportunity to cure it. *Id.* at 36-47. On January 17, 2019, USB notified Plaintiff via certified mail the Loan was accelerated and the Property's foreclosure was scheduled for May 7, 2019. *Id.* at 48-57. Again,

---

[2] U.S. Bank, N.A. is trustee for Credit Suisse First Boston Mortgage Securities Corp. Home Equity Asset Trust 2006-6, Home Equity Pass-Through Certificates Series 2006-6. *See, e.g.*, Removal Notice 1 (ECF No. 1).

on May 28, 2020, USB notified Plaintiff via certified mail the Loan was accelerated and the Property's foreclosure was scheduled for July 7, 2020. *Id.* at 58-82.

On July 2, 2020, Plaintiff, represented by new counsel, filed this lawsuit in Texas state court to stop the foreclosure on the Property. *See* State Ct. File 4. USB submitted an answer and removed the case to this Court on September 16, 2020. Removal Notice (ECF No. 1). The Court held a Rule 16 conference, attended by attorneys for all parties, on December 18, 2020. Min. Entry (ECF No. 7).

The Court established an August 27, 2021 deadline to file motions for summary judgment. Accordingly, on that date, USB filed the Motion that is now before the Court. MSJ 1 (ECF No. 11). This Court's local rules require responses to motions to be filed within 21 days. But in the five months since, Plaintiff—who is still represented by counsel—has failed to respond to USB's Motion in any way.[3] And she has not sought an extension of time to file a response. Therefore, the Court may consider the Motion ripe and ready for determination. *See* N.D. Tex. Local Civ. R. 7.1(e).

### Legal Standard and Analysis

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of

---

[3] Plaintiff's counsel conferred on motion to substitute counsel for Defendant, (ECF No. 16), in October 2021, several months after Defendant filed its summary-judgment motion.

showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing Fed. R. Civ. P. 56(e); *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991)).

The party opposing the summary-judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (Lindsay, J.) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Esquivel*, 2016 WL 6093327, at *2 (citing *Ragas*, 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary-judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th

Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

    a.      Summary judgment is proper because Plaintiff abandoned her claims.

Plaintiff did not respond to USB's Motion. It is well established in this Circuit that "[w]hen a plaintiff fails to defend a claim in response to . . . a summary judgment motion, the claim is deemed abandoned." *See Arias v. Wells Fargo Bank, N.A.*, 2019 WL 2770160, at \*2-3 (N.D. Tex. July 2, 2019) (Lindsay, J.) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)) (determining that the plaintiff abandoned his claim by failing to respond to the defendant's supplement to motion for summary judgment); *see also Cantu v. Freedom Morg. Corp.*, 2021 WL 356840, at \*2 (N.D. Tex. Jan. 4, 2021) (Rutherford, J.), *rec. adopted*, 2021 WL 351409 (N.D. Tex. Feb. 2, 2021) (Boyle, J.).

While such a failure does not permit the court to enter a "default" summary judgment, the Court is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary[-]judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In this case, even though Plaintiff attached the Loan documents to her Petition, she lacks any summary-judgment

evidence sufficient to raise a genuine dispute of material fact in response to a motion for summary judgment.

Because Plaintiff offered no evidence raising a material fact issue as to any element of any of her claims—indeed, she never responded or offered any evidence at all outside of the Loan documents attached to her pleading—the Court finds that Plaintiff abandoned her claims and thus USB is entitled to summary judgment. *See Catlett v. Duncanville Indep. Sch. Dist.*, 2010 WL 3467325, at *12 (N.D. Tex. Sept. 2, 2010) (Kinkeade, J.) (citing *Black,* 461 F.3d at 588 n.1 (finding a claim abandoned when plaintiff failed to defend it in response to motion to dismiss); *Scales v. Slater,* 181 F.3d 703, 708 n.5 (5th Cir. 1999) (finding plaintiff abandoned claim by failing to contest defendant's arguments for dismissal of that claim); *Thompson v. Exxon Mobil Corp.,* 344 F. Supp. 2d 971, 977 (E.D. Tex. 2004)). Accordingly, the District Court should grant USB's Motion for Summary Judgment and dismiss all Plaintiff's claims with prejudice.

    b.    <u>Summary judgment is also proper because there is no genuine dispute as to material facts pertinent to Plaintiff's claims.</u>

Plaintiff asserts claims for declaratory judgment, breach of contract, wrongful foreclosure in violation of Texas Property Code, quiet title, Texas Debt Collection Act (DCA) violations, Texas Deceptive Trade Practices Act (DTPA) violations, unreasonable collection efforts, and breach of the duty of cooperation. State Ct. File 7-13 ¶¶ 13-42 (Pet.). To support each of her claims, Plaintiff alleges two material facts (1) USB's claim to the Property is barred by the statute of

6

limitations, and (2) USB failed to provide Plaintiff proper notices of default, opportunity to cure, and foreclosure. *See id.* USB provided the Court competent evidence that conclusively disproves Plaintiff's allegations.

> 1. *USB's claim to the Property is not barred by the statute of limitations.*

"A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b). "If . . . a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." *Id.* "If the note contains an optional acceleration clause, the cause of action accrues when the holder actually exercises its option to accelerate." *Ocwen Loan Serv'g, LLC v. REOAM, LLC*, 755 F. App'x 354, 356 (5th Cir. 2018) (per curiam) (internal quotations and citation omitted). "[A] lender can abandon its earlier acceleration by putting the borrower on notice of its abandonment by requesting payment on less than the full amount of the accelerated loan." *Id.*

A loan made under Section 50(a)(6) of Article XVI of the Texas Constitution—like the Loan here—requires a court order for foreclosure. Tex. R. Civ. P. 735.1(a); *see* State Ct. File 17-36. Foreclosure is stayed if related litigation to the "origination, servicing, or enforcement of the loan agreement, contract or lien sought to be foreclosed" is pending. Tex. R. Civ. P. 736.11. "The death of a person

against whom or in whose favor there may be a cause of action suspends the running of an applicable statute of limitations for 12 months after the death" unless an administrator or executor is qualified for the estate. *See* Tex. Civ. Prac. & Rem. Code § 16.062.

Here, USB first accelerated the Loan on May 22, 2013. The pendency of the original lawsuit and Donald Langlois's death in March 2016 tolled the statute of limitations. On February 6, 2018, USB rescinded the May 2013 acceleration by requesting payment on less than the full amount of the accelerated Loan. *See* MSJ App. 36-47. USB subsequently accelerated the Loan again on January 17, 2019. *See id.* 48-57. Plaintiff failed to provide any evidence or argument contradicting these facts. Thus, the Court determines USB's claim to the Property is not barred by the statute of limitations, and USB is entitled to judgment as a matter of law for Plaintiff's claims, which were materially supported by this uncontroverted fact.

2. *USB provided Plaintiff proper notice in order to foreclose.*

"Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default . . . with written notice by certified mail stating that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given." Tex. Prop. Code § 51.002(d). A mortgagee must give 21-days' notice of a foreclosure sale to the mortgagor by certified mail. *Id.* § 51.002(b). "Service of a notice . . . by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." *Id.* § 51.002(e).

8

Here, on February 6, 2018, USB notified Plaintiff via certified mail that she was in default and provided her 30 days, an adequate opportunity, to cure it. *See* MSJ App. 36-47. Then, on January 17, 2019 and May 28, 2020, USB notified Plaintiff via certified mail that the Loan was accelerated and the Property's foreclosure was scheduled more than 21 days later. *See id.* 48-82. Plaintiff failed to provide any evidence or argument contradicting these facts. Thus, the Court determines USB properly served notice of default, intent to accelerate, an opportunity to cure, acceleration, and the foreclosure sale. Accordingly, USB is entitled to judgment as a matter of law on Plaintiff's claims.

## RECOMMENDATION

For the reasons stated, the District Court should GRANT USB's Motion for Summary Judgment, (ECF No. 11), and DISMISS Plaintiff's claims with prejudice.

**SO RECOMMENDED.**

February 1, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

9

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).